LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN
Chief of Civil Litigation Division

W. SCOTT ZANZIG, ISB # 9361
CARL J. WITHROE,  ISB # 7051
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
Fax:  (208) 854-8073
scott.zanzig@ag.idaho.gov
carl.withroe@ag.idaho.gov

Attorneys for Defendants Wasden and Gwartney

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDUCATION NETWORKS OF AMERICA, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE G. WASDEN, et al.,<br><br>Defendants. | Case No. 1:16-cv-00379-BLW<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANTS WASDEN AND GWARTNEY** |

## INTRODUCTION

ENA brought this action in an effort to challenge and avoid the effects of the Idaho

Supreme Court's decision in *Syringa Networks, LLC v. Idaho Dep't of Admin.*, 159 Idaho 813,

367 P.3d 208 (2016).  In *Syringa*, the Idaho Supreme Court affirmed a judgment declaring

ENA's Idaho Education Network (IEN) contract with the state of Idaho (State) void because it

violated Idaho public contracting laws.  The *Syringa* court interpreted an Idaho statute, Idaho Code § 67-5725 (since recodified at Idaho Code § 67-9213), to require State officials to seek repayment from ENA (and another IEN contractor, CenturyLink) all money the State had advanced under the illegal IEN contracts.  Idaho's Attorney General has filed an action in Idaho state court to comply with this directive and to determine whether Idaho law provides any basis for ENA to recover any additional money from the State.

In this case, ENA seeks to challenge the constitutionality of the Idaho Supreme Court's *Syringa* decision and its consequences.  ENA requests injunctive and declaratory relief preventing the Idaho Attorney General, Lawrence Wasden, from following the *Syringa* court's directive to recover money advanced to ENA.  ENA also seeks to recover additional money it is allegedly due under the illegal contract through a damage claim against a former Idaho official, Mike Gwartney.

The Court should reject ENA's efforts to collaterally attack the *Syringa* decision.  The Court should dismiss the claims against Attorney General Wasden and Mr. Gwartney for the following reasons:

First, the *Rooker-Feldman* doctrine bars ENA from relitigating the *Syringa* decision.  If ENA believed the effect of the *Syringa* decision deprived ENA of constitutional rights, ENA's proper recourse was to file a petition for a writ of certiorari with the United States Supreme Court, not wait and file a collateral challenge in this Court.

Second, ENA's constitutional claims lack merit as a matter of law because ENA has failed to establish the existence of a federal right under the Takings, Due Process, or Contracts Clauses.  ENA has no protectable interest in its void contract.

Third, ENA's claims against Mike Gwartney lack merit for additional reasons. ENA's official-capacity claims are barred by sovereign immunity and the fact that Mr. Gwartney is committing no ongoing violation of any law. And qualified immunity precludes ENA's personal-capacity damage claims. ENA has not alleged, and could not allege, that any action Mr. Gwartney took violated ENA's clearly established constitutional right.

Fourth, even if there were any arguable merit to ENA's claims, the Court should abstain and allow the pending Idaho state court proceedings to conclude. This is a state contract law dispute governed by Idaho's public contracting laws, not a constitutional case.

## BACKGROUND

The State awarded contracts to ENA and CenturyLink in 2009 to build and administer the IEN -- a high-speed telecommunications network to serve Idaho schools. *See* First Amended Complaint ("FAC") (Dkt. 14), ¶¶ 24-29. In late 2009, another company, Syringa Networks, sued the State, ENA, and CenturyLink, raising a variety of claims relating to the IEN contracts. FAC (Dkt. 14), ¶ 50. The *Syringa* case took more than six years to resolve. *See id.* The Idaho courts ultimately held that the contracts were void due to contract amendments the State Department of Administration issued in February 2009 shortly after the contracts were awarded. An Idaho district court granted summary judgment declaring the contracts void in November 2014. FAC (Dkt. 14), ¶ 73. It entered judgment to that effect in February 2015. And the Idaho Supreme Court affirmed the judgment in its opinion dated March 1, 2016.

While the *Syringa* case was pending, the State and its vendors moved forward with implementing the IEN. The State ordered goods and services under the challenged contracts, and both ENA and CenturyLink provided as ordered. FAC (Dkt. 14), ¶ 87. The State, in turn, paid those companies for their goods and services. This practice continued until November 2014.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 3

On November 10, 2014, the Idaho district court entered a summary judgment order declaring the IEN contracts void.  FAC (Dkt. 14), ¶ 73.  Under Idaho law, the State cannot pay on a void contract, so after the district court's summary judgment order the State ceased all further payments.  Nevertheless, the State continued to order goods and services, and ENA and CenturyLink continued to provide them.  This practice ended in February 2015, when the district court entered final judgment.  At that point, the Idaho legislature withdrew its appropriation of any funds for the IEN and the State terminated the IEN contracts under the standard terms they contained allowing the State to terminate due to legislative non-appropriation.  FAC (Dkt. 14), ¶ 99.

The State, ENA, and CenturyLink appealed the district court's judgment to the Idaho Supreme Court. FAC (Dkt. 14), ¶ 78.  The Idaho Supreme Court affirmed the district court in its March 1, 2016 opinion.  It held that the State violated Idaho public contracting laws when it issued amendments to the IEN contracts in February 2009.  *Syringa*, 159 Idaho at 827-29, 367 P.3d at 222-24.  As a result, Idaho Code § 67-5725 (since recodified at Idaho Code § 67-9213) rendered the contracts "void *ab initio*."  *Id.* at 827, 367 P.3d at 222.  In addition, the Idaho Supreme Court held that the statute had "mandatory consequences."  *Id.* at 830, 367 P.3d at 225.  The court directed the State -- through the director of Administration (the agency that administered the void contracts or, if not him, the Attorney General -- to recover the "substantial funds . . . advanced by the State" to the vendors under the void contracts.  *Id.* at 829-30, 367 P.3d at 224-25.

The present director of the Department of Administration, Robert Geddes, issued a letter to the Idaho Attorney General in July 2016, explaining that he read Idaho Code § 67-9213 to not require the State to recover money unless it was paid before goods and services were provided.

Under this read of the statute, Director Geddes informed the Attorney General, he would not seek recovery of any of the money the State had paid under the void contracts.  *See* FAC (Dkt. 14), ¶ 4.

So, acting under the mandate given him by the Idaho Supreme Court, the Attorney General sent both ENA and CenturyLink a letter on August 10, 2016, demanding they return the amounts paid them by the State under the void contracts.    The Attorney General requested a response by August 22 and indicated that he would initiate legal action if the vendors refused to return the State funds they had received.

ENA and CenturyLink responded by filing these cases in federal court on August 19, the last business day before August 22.  In this case, ENA claims the Idaho courts were wrong to declare its contract void and that it is owed money despite the state-court judgment.  It seeks an injunction preventing the Attorney General from following the Idaho Supreme Court's direction to recover funds already paid by the State.  FAC (Dkt. 14), p. 40 (Prayer for Relief #2).  ENA also initially sued the State and some of its agencies and officials seeking damages.  *See* Dkt. 1. It has since dropped those claims.  Its only remaining damage claim against any State-related party is a claim against the former director of the Department of Administration, Mike Gwartney, under 42 U.S.C. § 1983.  FAC (Dkt. 14), ¶¶ 139-56.

The Attorney General filed his case in state district court on August 23, 2016.[1]  The Attorney General raised two claims.  He sought declaratory judgment that (a) ENA and CenturyLink must, under Idaho Code § 67-9213, repay to the State all funds advanced to them under the illegal void contracts; and (b) the State has no obligation or authority to pay ENA or CenturyLink for goods and services provided under the void contracts.  ENA and CenturyLink

---

[1]  A copy of the Attorney General's state court complaint is attached as Exhibit 1 to the Declaration of W. Scott Zanzig in Support of Motion to Dismiss (Zanzig Decl.) (Dkt. 21-2).

responded to the state court complaint on October 17, 2016.  CenturyLink filed an answer; a third-party complaint against the State and its Department of Administration seeking money allegedly due under its void contract; and a motion to dismiss the claim seeking a declaration of its obligation to repay State funds.  ENA moved to dismiss or stay under I.R.C.P. 12(b)(8), arguing that the Idaho courts should allow this Court to determine the consequences of the Idaho Supreme Court's *Syringa* decision.[2]

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) contends that the complaint fails to state a claim for which any relief can be granted.  In reviewing motions under this rule, a court must accept "factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## ARGUMENT

ENA raises three constitutional claims under 42 U.S.C. § 1983: Takings, Contracts, and Due Process Clause violations.  ENA asserts claims for damages against Mike Gwartney and claims for injunctive and declaratory relief against Attorney General Wasden. ENA's claims against Mr. Gwartney and Attorney General Wasden should be dismissed.

**I.      The *Rooker-Feldman* Doctrine Bars ENA'S Claims.**

ENA is really complaining about the Idaho Supreme Court's *Syringa* decision and its consequences rather than the actions of any named defendant.  ENA's case is an attempt to relitigate in federal court a case it lost already in state court.  To read ENA's complaint is to understand that had the Idaho Supreme Court not incorrectly declared the IEN contracts void, the

_____

[2]  Copies of ENA's and CenturyLink's responses to the Attorney General's complaint are attached as Exhibits 2-5 to the Zanzig Decl. (Dkt. 21-2).

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 6

contracts would have remained in place, ENA would have been paid for its services, and the

Attorney General would not pursue it for the money it had been paid under its void contract.  In

other words, everything ENA complains about in this case derives from the Idaho district court's

decision declaring the contracts void and the Idaho Supreme Court's decision affirming that

judgment.  The problem with this is that no matter which individual named defendant ENA aims

its sights on, ENA cannot evade the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.*,

263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*Rooker-Feldman* prohibits a party from collaterally challenging a state-court judgment in

federal district court.  As this Court explained in *Dashiell v. Idaho*, 2007 WL 2316606 (D. Idaho

Aug. 2, 2007), under the *Rooker-Feldman* doctrine,

> [a] federal district court has no jurisdiction "over challenges to state-court
> decisions, in particular cases arising out of judicial proceedings, even if those
> challenges allege that the state court's action was unconstitutional."  *District of
> Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983).  "This rule
> applies even though . . . the challenge is anchored to alleged deprivations of
> federally protected due process and equal protection rights."  *Id.* at 486 (internal
> citation omitted).  Rather, under 28 U.S.C. § 1257, "the proper court in which to
> obtain such review is the United States Supreme Court."  *Worldwide Church of
> God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986).

*Id.* 2007 WL 2316606, at *1.

The *Rooker-Feldman* doctrine forbids a losing party in state court from filing a de facto

appeal of the state-court judgment in federal district court, complaining of an injury caused by

the state court judgment and seeking federal court review and rejection of that judgment.  *Bell v.

City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).  *Rooker-Feldman* applies not just to direct

appeals of state-court decisions, but to federal litigation seeking relief from the consequences of

a state-court judgment.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).  And it applies even

to constitutional claims, when those claims are "inextricably intertwined" with the state-court

decision. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003) (constitutional claims are

barred under *Rooker-Feldman* if claims are "inextricably intertwined" with the state-court decision, even if they do not *directly* challenge the decision).  To determine whether *Rooker-Feldman* applies, the court conducts a two-step analysis: (1) determine whether the action contains a forbidden de facto appeal of a state-court decision; and (2) determine whether the federal plaintiff seeks to litigate an issue that is inextricably intertwined with the state-court decision.  *Bell*, 709 F.3d at 897.

ENA's lawsuit is a de facto appeal of the *Syringa* state-court decision.  "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'"  *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).  ENA's factual allegations put the blame squarely on the Idaho courts and their handling of the *Syringa* case.  ENA acknowledges that the actions of the Attorney General it seeks to enjoin – seeking repayment of State money ENA received – "is specifically based upon" the Idaho Supreme Court's *Syringa* decision.  FAC (Dkt. 14), ¶ 5.  ENA devotes page-after-page of its complaint to criticisms of the Idaho courts' actions in the *Syringa* case.  *See, e.g.,* FAC (Dkt. 14), ¶¶ 50-83, 107-115, 122-23.  ENA alleges that:

- the Idaho courts violated ENA's "rights to procedural due process," FAC (Dkt. 14), ¶ 79;

- the Idaho Supreme Court's ruling "was based upon faulty and inadequate procedures, applications of the Idaho Rules of Civil Procedure and substantive law," FAC (Dkt. 14), ¶ 122; and

- the ruling "was based upon civil procedures and interpretations of established law that violate . . . the Fifth and Fourteenth Amendments," FAC (Dkt. 14), ¶ 123.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 8

Moreover, ENA seeks relief from the *Syringa* decision in the form of benefits from the contract the Idaho courts declared void (*i.e.*, payment of its invoices and other damages), as well as injunctive relief preventing the "mandatory consequences" of the *Syringa* decision (*i.e.*, repayment of the amounts ENA received).  Thus, the first step of the *Rooker-Feldman* analysis is satisfied.

ENA also seeks to litigate issues inextricably intertwined with the *Syringa* decision, satisfying the second step of the *Rooker-Feldman* analysis.  Claims are inextricably intertwined when "adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules."  *Bianchi*, 334 F.3d at 898.  Put another way, claims are "inextricably intertwined where 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'"  *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).  Granting ENA the relief it requests would undercut the Idaho Supreme Court's *Syringa* decision and require this Court to interpret the application of Idaho's public procurement statutes.  The Idaho Supreme Court has declared ENA's contract void under those statutes, with the consequence that ENA must repay any money the State advanced to ENA under the void contract.  The injunctive relief ENA seeks not only undercuts the Idaho Supreme Court's *Syringa* decision, it directly conflicts with it.

For ENA to prevail here, this Court must necessarily review and evaluate the correctness of the Idaho Supreme Court's *Syringa* decision.  This *Rooker-Feldman* says the Court cannot do.  *See Picard v. Members of Employee Retirement Bd. of Providence*, 275 F.3d 139, 144 (1st Cir. 2001) ("it is plain that plaintiffs' claims could only succeed to the extent the Rhode Island Supreme Court wrongly decided the question of the consent decree's coverage").  On that basis,

the Court should dismiss all of ENA's claims against Mike Gwartney and Attorney General Wasden.

## II.    ENA Cannot Establish a Protectable Interest Under the Contracts, Takings, or Due Process Clause.

ENA's jurisdictional basis for its claims against Mike Gwartney and Attorney General Wasden is 42 U.S.C. § 1983.  Section 1983 claims must "assert the violation of a federal *right*, not merely a violation of federal *law*."  *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).  Put differently, section 1983 protects federal rights, "not the broader or vaguer 'benefits' or 'interests'."  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002).  ENA claims that Mr. Gwartney and Attorney General Wasden violated or are violating its rights under the Contracts, Takings, and Due Process Clauses; that violation occurred or is occurring, it says, because the state courts declared ENA's IEN contract void.  ENA's rights—if any—do not come from the federal Constitution itself. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).  Property rights are instead "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ."  *Id.*  Federal constitutional law determines whether a property interest rises to the status of a "legitimate claim of entitlement protected by the Due Process Clause."  *Town of Castle Rock v. Gonzalez*, 545 U.S. 748, 757 (2005); *Portman v. County of Santa Clara*, 995 F.2d 898, 905 (9th Cir. 1993).  So the source of ENA's rights in this case—if any—is the void contract.  ENA's constitutional claims cannot survive a 12(b)(6) motion, because ENA cannot show the necessary existence of any constitutionally protectable interest arising under its void contract.

Under the Due Process Clause, for example, ENA must do more than just allege the State or its officials did not perform certain obligations under the contract.  This is because "[d]eprivation of a benefit to which one is entitled under a statute or a contract does not

automatically give rise to a property interest protected by the Due Process Clause." *Portman*, 995 F.2d at 905. The Ninth Circuit's rationale for this rule is sound: "[i]t is neither workable nor within the intent of section 1983 to convert every breach of contract claim against a state into a federal claim." *San Bernardino Physicians' Serv. Med. Group v. San Bernardino County*, 825 F.2d 1404, 1408 (9th Cir. 1987).

Here, the contract was deemed illegal and so was void. This was the law when ENA was awarded its contract with the State.[3] The law in existence at the time the contract is entered into is made a part of every contract. *State v. Two Jinn, Inc.*, 151 Idaho 725, 728, 264 P.3d 66, 69 (2011). In Idaho, illegal public contracts generally are void *ab initio*, and so was this contract specifically; because it was void *ab initio*, it was "deemed never to have existed in the eyes of the law." *Syringa*, 159 Idaho at 827, 367 P.3d at 222. For a contract to create constitutionally protectable property interests, the plaintiff must have a legitimate claim of entitlement to the benefits it claims. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). But void public contracts typically do not establish constitutionally protectable property rights. *Bollow v. Fed. Reserve Bank of S.F.*, 650 F.2d 1093, 1099 (9th Cir. 1981); *see also Davis & Assocs., Inc. v. Dist. Of Columbia*, 501 F. Supp. 2d 77, 81-82 (D. D.C. 2007) ("Because the contracts were void *ab initio*, as discussed above, Plaintiff had no property interest of which it could be deprived under the Fifth Amendment"). And promises or orders made under the illegal and void contract similarly cannot create protectable interests. *See Davis v. Oregon State Univ.*, 591 F.2d 493, 496

---

[3] The language in Idaho Code § 67-9213 declaring contracts made in violation of public procurement laws void is identical to language contained in former Idaho Code § 67-5725, which the Idaho legislature adopted in 1975, long before the IEN contracts were issued to ENA and CenturyLink. *See* 1975 Idaho Sess. Laws, ch. 254, § 2, p. 686.

(9th Cir. 1978).  So ENA has no constitutionally protectable property interest in its illegal and void public contract or the funds paid under it.[4]

Because ENA cannot establish a protectable property interest in benefits under an illegal void public contract, it goes almost without saying that ENA's Takings Clause claim fares no better.  *See HCMA (Carolina), Inc. v. Soler-Zapata*, 778 F.Supp. 1234, 1239 (D. Puerto Rico 1991) (rejecting takings claim after determining no property interest existed for due process purposes, noting that "[t]he takings claim is but an extension of their allegations of breach of contract, none of which raise a question under the Constitution of the United States").  Again, ENA must establish the existence of a constitutionally protectable property interest that was allegedly taken by the government.  *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1198 (9th Cir. 1998).  Not all losses of property generate a Fifth Amendment taking.  *See United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 281 (1943).  ENA's Takings claim fails to distinguish between property rights—which are of course protected by the Constitution—from contract rights, which are not.  *See U.S. v. Security Indus. Bank*, 459 U.S. 70 (1982).  For the same reasons ENA has no protectable property interest under the Due Process Clause, the interest ENA claims was taken—contractual benefits—is not protectable under the Takings Clause when those benefits arise from an illegal void public contract.[5]

---

[4]  The Ninth Circuit has observed that most of the instances where a contract supplied constitutionally protected rights arose from employment contracts.  *See San Bernardino Physicians' Serv. Med. Group*, 825 F.3d at 1409 ("The right of an individual not to be deprived of employment that he or she has been guaranteed is more easily characterized as a civil right, meant to be protected by section 1983, than are many other contractual rights.")

[5]  The Takings Claim is also barred by sovereign immunity irrespective of whether Plaintiff can allege and show a valid property interest was taken. *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 956 (9th Cir. 2008).  And there is no *Ex parte Young* argument to be made either, since by definition, relief under the Takings Clause is necessarily retrospective: "From a remedial perspective, then, 'just compensation' is on all fours with traditional monetary damages, which are the quintessential form of retrospective relief."  *Id.*  Even if both of the foregoing were wrong, there is yet another problem with ENA's Takings claim: it is not yet ripe. *See Williamson*

The Contracts Clause claim is defective, too.  To decide a Contracts Clause claim, courts ask first "whether the change in state law has 'operated as a substantial impairment of a contractual relationship.'"  *General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992) *quoting Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978).  This inquiry assumes two things: (1) there has been a change in law that impaired a contract; and (2) a contractual relationship existed in the first place.  ENA's Contracts Clause claim fails both of these assumptions.  There was, as the Idaho Supreme Court has determined, no contractual relationship between the State and ENA.  The contract was void *ab initio* because it was illegal.  In order to find that there was a contractual relationship, this Court would have to disregard state law and the Idaho Supreme Court's interpretation of it.  This is of course barred by *Rooker-Feldman*.  The place to argue alternative theories to defend the validity of the contract was in the state courts, or in a petition for a writ of certiorari to the United States Supreme Court.  Moreover, the Attorney General's presently pending action in state court provides ENA a forum in which to raise additional quasi-contract theories and any constitutional defenses to the action.

Not only can ENA not show the existence of a contract, but nor can it show that a law impairing any contract was passed.  Any impairment resulted from the Idaho courts' decisions in *Syringa*.  A judicial decision does not constitute a "law" for Contracts Clause purposes.  *Cleveland & P.R. Co. v. City of Cleveland*, 235 U.S. 50, 53-54 (1914) ("It is equally well settled that an impairment of the obligation of the contract, within the meaning of the Federal Constitution, must be made by subsequent legislation, and no mere change in judicial decision will amount to such deprivation"); *Rooker*, 261 U.S. at 118.  At best, ENA's rights, if any, are contractual, and they are governed by state law.  Violations of state law are not enforceable

---

*Cnty. Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 186 (1985) (requiring Takings claim plaintiff to seek just compensation through state procedures before raising claim in federal court).

under section 1983.  *Collins v. City of Harker Heights*, 503 U.S. 115, 117 (1992).  With no valid contract, and with no legislative action impairing any contract, ENA's factual allegations do not state a plausible Contracts Clause claim.

Because ENA has no constitutionally protected interest, all its claims against Mike Gwartney and Attorney General Wasden must be dismissed.

### III.    ENA's Official-Capacity Claims against Mike Gwartney Allege Harm from Past Acts; Any Claim for Damages is Barred by Sovereign Immunity, and the Complaint Alleges No Ongoing Violation for the Court to Enjoin.

ENA has sued Mike Gwartney in both his individual and official capacity.  Even apart from the *Rooker-Feldman* and protectable interest problems described above, the official-capacity claims lack merit and should be dismissed.

To the extent ENA seeks to recover money from Mr. Gwartney in his official capacity, those claims are barred by sovereign immunity.  It is plain that sovereign immunity means that a private party may not pursue a section 1983 claim against a state official for damages when the official is named in his official capacity.  *Arizonans for Official English v. Arizona*, 523 U.S. 43, 69 n.24 (1997); *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986).

In order to sue a state official in his official capacity, ENA must allege an ongoing violation of federal law and seek relief that is strictly prospective in nature.  *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).  Everything else is barred by sovereign immunity.  *See Han v. U.S. Dep't. of Justice*, 45 F.3d 333, 338 (9th Cir. 1995) (complaint that "sometime in the past, the state defendants breached the trust and violated plaintiffs' rights by approving third party agreements" barred by sovereign immunity); *Sanders v. Kan. Dep't. of Social & Rehabilitation Servs.*, 317 F. Supp. 2d 1233, 1244 (D. Kan. 2004) ("Although the

effects of defendants' acts as they impact the plaintiff may be continuing, a continuing effect of a past violation is not sufficient to warrant prospective injunctive relief").

Most of ENA's claimed harm occurred in the past.  The Idaho courts declared the IEN contracts void, the State stopped payments under the contracts in 2014 due to the state court's decision, and in 2015 the state legislature ceased appropriations for the contracts due to the Idaho district court judgment declaring the contracts void.  Because these events occurred in the past, there is no ongoing violation of federal law to enjoin.  *Green v. Mansour*, 474 U.S. 64, 71 (1985).

The only alleged *ongoing* violation is the Attorney General's efforts to recoup money illegally paid under the void contracts.  ENA does not and cannot connect any alleged ongoing violation to Mike Gwartney, who is no longer an officer of the State.  There must be some causal connection between the complained-of conduct and the state official against whom prospective injunctive relief is sought.  *Ex parte Young*, 209 U.S. 123, 157 (1908); *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004).  Because the only acts attributable to Mike Gwartney occurred in 2009, and because ENA cannot connect Mr. Gwartney to any ongoing harm, ENA's official-capacity claims against Mr. Gwartney must be dismissed.

## IV.   Qualified Immunity Bars ENA's Personal-Capacity Claims Against Mike Gwartney.

ENA also has sued Mike Gwartney in his individual capacity, seeking damages under section 1983.  Qualified immunity bars this claim.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It allows for mistaken judgments and protects "all but the plainly incompetent or those who

knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1982).  A constitutional right is clearly established for qualified immunity purposes when "every reasonable official would have understood what he was doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).   Whether a government official is entitled to qualified immunity turns on whether the plaintiff has alleged a violation of a constitutional right and whether that right was clearly established at the time of the alleged violation.  *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).   If there is no violation of a constitutional right, then the inquiry is over and the government official is entitled to qualified immunity and dismissal of the suit.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The Court need not venture terribly far in the qualified-immunity inquiry, because ENA has failed to establish a constitutionally protectable interest under the Contracts, Takings, or Due Process Clauses.  But, even assuming ENA could establish some constitutionally protectable interest, ENA cannot show that the complained-of conduct violated clearly established law.  The sole wrongful act ENA alleges Mike Gwartney committed was authorizing the Department of Administration to issue amendments to the IEN contracts in February 2009.  *See* FAC (Dkt. 14), ¶¶ 37, 142.  The unlawfulness of that action under Idaho's public procurement statutes was not determined initially until November 2014 (well after the conduct occurred), and was not pronounced by the Idaho Supreme Court until early 2016.  The lawfulness of that amendment was in dispute for seven years after the conduct happened.  And ENA alleges that legal counsel, a deputy attorney general, reviewed and approved the amendments before they were issued. FAC (Dkt. 14), ¶ 42.  It is impossible to say that it was clearly established in February 2009 that any constitutional violations occurred.   Moreover, ENA has not shown that this is even a violation of any constitutional right.   It is a simple matter of state contract law that was not

resolved until years after Mr. Gwartney authorized the amendments.  As a matter of law, qualified immunity requires dismissal of ENA's personal-capacity damage claims against Mr. Gwartney.

## V.      The Court Should Abstain.

Even if ENA's claims were not subject to dismissal for all the foregoing reasons, the Court should abstain and allow the Idaho state courts to resolve the issues in the Attorney General's declaratory judgment action.  At least two abstention doctrines apply: the *Younger* and *Pullman* doctrines.

### A.      The Court should abstain under the *Younger* Doctrine.

The *Younger* doctrine originated from the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* required federal courts to abstain from interfering with state criminal proceedings.  The doctrine has since been extended to require federal courts to abstain from interfering with certain state civil proceedings.  State civil proceedings requiring abstention include those "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (citing *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987)).  They also include civil enforcement proceedings, such as "civil proceeding[s] 'brought by the State in its sovereign capacity' to recover welfare payments . . . allegedly obtained by fraud."  *Sprint*, 134 S. Ct. at 592 (citing and quoting *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977)).

*Younger* abstention applies here.  The Attorney General's declaratory judgment action is a "mandatory consequence[ ]" of the Idaho Supreme Court's *Syringa* opinion.  It thus "implicates [the] State's interest in enforcing the orders and judgments of its courts."  In addition, the Attorney General's action is akin to civil enforcement proceedings the Supreme

Court has identified as requiring abstention.  At the direction of the Idaho Supreme Court,
Attorney General Wasden brought his action on the State's behalf to recover State funds that
were wrongfully paid to ENA and CenturyLink.

### B.   The Court should abstain under the *Pullman* Doctrine.

*Pullman* abstention is

> based on the avoidance of needless friction between federal pronouncements and
> state policies. . . . It vests federal courts with discretion to abstain from
> adjudicating disputes that hinge on significant and unsettled questions of state
> law.

> Abstention under *Pullman* is an appropriate course where

> (1) the case touches on a sensitive area of social policy upon which the federal
> courts ought not enter unless no alternative to its adjudication is open, (2)
> constitutional adjudication plainly can be avoided if a definite ruling on the state
> issue would terminate the controversy, and (3) the possible determinative issue of
> state law is uncertain.

*Courtney v. Goltz*, 736 F.3d 1152, 1162-63 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 2697 (2014)

(internal citations and quotation marks omitted).

This case meets all the criteria for *Pullman* abstention.  The State has a strong public
policy interest in safeguarding taxpayer funds used in State contracts.  *J & J Contractors/O.T.
Davis Constr. v. State*, 118 Idaho 535, 536, 797 P.2d 1383, 1384 (1990).  As the Idaho Supreme
Court explained,

> "It was manifestly the purpose of the legislature, in enacting the [public
> bidding statutes], to procure competitive bidding for contracts for making public
> improvements . . . and thereby to safeguard public funds and prevent favoritism,
> fraud and extravagance in their expenditure . . . ."

> *Seysler v. Mowery*, 29 Idaho 412, 416-17, 160 P. 262, 263 (1916).  This evidences
> that there is a strong public policy against the enforcement of governmental
> contracts that violate competitive bidding laws.  To allow recovery in quantum
> meruit for work performed pursuant to governmental contracts that violate
> competitive bidding statutes would emasculate this public policy.

118 Idaho at 536, 797 P.2d at 1384.  Thus, Idaho's public contracting laws are a sensitive area of social policy best left to state courts to interpret and apply.

In addition, the state courts' determination of uncertain state law issues may well avoid the need for this Court to address any constitutional issues.  The Idaho Supreme Court has declared the IEN contracts void and has stated "mandatory consequences" follow, but it has not determinatively resolved all the issues involved.  That is why the Attorney General has filed a declaratory judgment action in state court.  That action will resolve several important open state-law issues:

- Does Idaho law require ENA and CenturyLink to return all funds they received under the void contracts, or does the term "money advanced" in section 67-9213 apply only to money the State paid before receiving any goods or services?

- Are the vendors entitled to avoid or reduce any repayment obligation by asserting equitable or constitutional defenses?

- Does Idaho law provide any basis for the vendors to recover additional amounts allegedly due them even though their contracts are void?

These issues of Idaho public procurement law are best left to the Idaho state courts.  And the pending state court action may resolve these issues in a way that renders it unnecessary for this Court to address ENA's constitutional claims.  This Court should wisely exercise its *Pullman* discretion to abstain from deciding ENA's claims.

## CONCLUSION

The *Rooker-Feldman* doctrine and ENA's failure to establish a constitutionally protectable interest require dismissal of all ENA's claims against Mike Gwartney and Attorney General Wasden.  Sovereign immunity and qualified immunity provide additional grounds for

dismissal of the claims against Mr. Gwartney.  Even absent all these fatal deficiencies in ENA's

claims, the Court should abstain from deciding ENA's claims and allow the Idaho state courts to

resolve the state law public contracting issues pending in the Attorney General's declaratory

judgment action.

 Dated this 31st day of October 2016.


     STATE OF IDAHO
     OFFICE OF THE ATTORNEY GENERAL


     By: _____/s/_____
      W. SCOTT ZANZIG
      Deputy Attorney General

---

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on the 31st day of October 2016, I electronically filed the foregoing with the **Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following** Persons:

Phillip S. Oberrecht
poberrecht@greenerlaw.com

Jason R. Mau
jmau@greenerlaw.com

Brian K. Julian
bjulian@ajhlaw.com

Chris H. Hansen
chhansen@ajhlaw.com


     _____/s/_____
     W. SCOTT ZANZIG